UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| DEKA INVESTMENT GMBH, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 3:15-cv-02129-K <u>CLASS ACTION</u> |
| Plaintiffs, | § § | Hon. Ed Kinkeade |
| vs. | § § | |
| SANTANDER CONSUMER USA HOLDINGS INC., et al., | § § § | |
| Defendants. | § § | |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

4830-8051-6539.v3

WHEREAS, an action is pending before this Court styled *Deka Investment GmbH v. Santander Consumer USA Holdings Inc., et al.*, Civil Action No. 3:15-cv-02129-K (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated July 28, 2020 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Settlement Agreement.

WHEREAS, the Court preliminarily finds that:

    (a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Robert A. Meyer, Esq. of JAMS;

    (b)    the Settlement eliminates risks to the Settling Parties of continued litigation;

    (c)    the Settlement does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Classes;

    (d)    the Settlement does not provide excessive compensation to counsel for Lead Plaintiffs; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Classes.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to order final approval of the Settlement under Rule 23(e)(2) as it will likely find that the Settlement is fair, reasonable, and adequate to the Classes, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **January 12, 2021, at 10:00 a.m.,** at the United States District Court for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 1625, Dallas, Texas 75242, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Classes and should be approved by the Court; to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Classes, Lead Plaintiffs should be certified as Class Representatives for the Classes, and Lead Counsel should be appointed as Class Counsel for the Classes; to determine whether a Judgment as provided in ¶1.15 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel for their service to the Classes; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of attorneys' fees and expenses to Lead Counsel and any award to the Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4); and to consider such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Classes, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Classes.

4. Pursuant to the Settlement Agreement, the Settling Parties have proposed certification of the following Classes pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

(a) The 1933 Act Class, consisting of all persons and entities who purchased or otherwise acquired SCUSA common stock in or traceable to SCUSA's January 23, 2014 initial public offering and were damaged thereby.

(b) The 1934 Act Class, consisting of all persons and entities who, between January 23, 2014 and June 12, 2014, inclusive, purchased or otherwise acquired SCUSA common stock, and were damaged thereby.

5. The 1933 Act Class and the 1934 Class Act are referred to as the Classes. Excluded from the Classes are: (i) Defendants; (ii) the present or former executive officers of SCUSA and their immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)); and (iii) Santander Holdings USA, Inc. ("SHUSA") and the other selling stockholders identified in the Offering Documents and their immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)).  For the avoidance of doubt, this exclusion does not extend to any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member,

or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or its affiliates' ownership or interest); provided, however, that membership in the Classes by such entity is limited to transactions in SCUSA common stock made on behalf of, or for the benefit of, Persons other than Persons that are specifically excluded from the Classes by definition.  Also excluded from the Classes are any persons and entities who or which would otherwise be a member of one or both Classes but who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

      6.     The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Classes for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Classes are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Classes which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Classes; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

      7.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Classes and appoint Lead Counsel as Class Counsel for the Classes, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

      8.     The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

9. The Court approves the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

10. The Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) SCUSA and its counsel shall provide to the Claims Administrator within ten (10) business days following the entry of this Order, and without any charge to Lead Plaintiffs, the Classes, Plaintiffs' Counsel, or the Claims Administrator, shareholder lists, as appropriate for providing notice to the Classes;

(b) Not later than twenty-one (21) calendar days (the "Notice Date") from the date of this Order, the Claims Administrator shall commence mailing of the Notice and Proof of Claim and Release, substantially in the forms annexed as Exhibits 1 and 2 hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and shall also cause the Notice and Proof of Claim and Release to be posted on the Settlement website at www.SCUSASecuritiesSettlement.com;

(c) Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and posting.

11. Nominees who purchased or otherwise acquired SCUSA common stock for the benefit of another Person in or traceable to SCUSA's IPO or during the Class Period,

and which currently have active business operations, shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of SCUSA common stock within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly send the Notice and Proof of Claim and Release to such beneficial owners.

12.     Other than the cost, if any, of providing shareholder lists to the Claims Administrator as required by ¶10(a) above, all fees, costs, and expenses incurred in identifying and notifying members of the Classes shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

13.     All members of the Classes (except Persons who request exclusion pursuant to ¶16 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Classes, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than one hundred twenty (120) calendar days from the Notice Date.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the

obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby, but will incur no liability for exercising or refusing to exercise such discretion.

15.   Any member of the Classes may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of the Class Member's own choice.  If a Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

16.   Any Person falling within the definition of the Classes may, upon request, be excluded or "opt out" from the Classes.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) calendar days before the Settlement Hearing.  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of SCUSA common stock between January 23, 2014 and June 12, 2014, inclusive, including the dates and the amount of SCUSA stock purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class in *Deka Investment GmbH v. Santander Consumer USA Holdings Inc., et al.*, Civil Action No. 3:15-cv-02129-K (N.D. Tex.).  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any Final Judgment.  Unless otherwise ordered by the Court, any member of the Classes who or that does not timely and validly request exclusion from the Classes in accordance with the provisions of this Notice Order and the Notice given pursuant hereto (a) shall be deemed to have waived his, her or its right to be excluded from the Classes; (b) shall be forever barred from requesting exclusion from the Classes in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement, the

Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Classes; and (d) shall be barred and enjoined from asserting, instituting, commencing, prosecuting, assisting, or maintaining any of the Released Plaintiffs' Claims against the Released Parties.

17. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing.

18. Any member of one or both Classes may appear and object if he, she, or it believes there is any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs for their service to the Classes or why costs and expenses should not be awarded to Lead Plaintiffs.  No Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017, Stephen R. DiPrima, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, R. Thaddeus Behrens, Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, and Noelle M. Reed, Skadden, Arps, Slate, Meagher & Flom LLP, 1000 Louisiana Street, Suite 6800, Houston, TX 77002, on or before twenty-one (21) calendar days before the Settlement Hearing; and

said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Texas, on or before twenty-one (21) calendar days before the Settlement Hearing.  The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in one or both of the Classes, consisting of documents showing the number of shares of SCUSA common stock that the objector purchased/acquired and/or sold during the Class Period (*i.e.*, between January 23, 2014 and June 12, 2014, inclusive), as well as the dates, number of shares and prices for each such purchase/acquisition and sale; and (e) identify cases in which the objector or its counsel has filed an objection to a settlement in the past five years.  Documentation establishing membership in one or both of the Classes must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.   The objection must state whether it applies only to the objector, to a specific subset of a particular Class, or to an entire Class, and also state with specificity the grounds for the objection.  Any member of the Classes who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness,

or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and to any award of costs and expenses to Lead Plaintiffs, unless otherwise ordered by the Court.

20. All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

21. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and for costs and expenses for Lead Plaintiffs, shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

22. The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses and for the costs and expenses of Lead Plaintiffs, should be approved.

24. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.7 or 2.8 of the Settlement Agreement.

25. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

27. Neither this order nor the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the agreement in principle to settle this Action and the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; (b) shall be offered against any of

the member of the Classes, as evidence of, or construed as, or deemed to be the evidence of any presumption, concession or admission by any member of the Classes that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs or member of the Classes, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; ***provided, however***, that the Settling Parties and the Released Parties and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement Agreement.

28.  The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Classes, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Classes.

SO ORDERED.

Signed August 13th, 2002.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

- 12 -

4830-8051-6539.v3