IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEKA INVESTMENT GMBH, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:15-cv-02129-K |
| SANTANDER CONSUMER USA HOLDINGS INC., et al., | § § § § | <u>CLASS ACTION</u> |
| Defendants. | § | |

**<u>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated August 13, 2020, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 28, 2020 (the "Settlement Agreement" or "Stipulation").  Due and adequate notice having been given to the Classes as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

1

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Classes.

3. The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Classes defined as: the 1933 Act Class and the 1934 Act Class.

4. The 1933 Act Class consists of "all persons and entities who purchased or otherwise acquired SCUSA common stock in or traceable to SCUSA's January 23, 2014 initial public offering and were damaged thereby."

5. The 1934 Act Class consists of "all persons and entities who, between January 23, 2014 and June 12, 2014, inclusive, purchased or otherwise acquired SCUSA common stock, and were damaged thereby."

6. Excluded from the Classes are: (i) Defendants; (ii) the present or former executive officers of SCUSA and their immediate family members (as defined in 17 C.F.R. § 229.404 (Instructions (1)(a)(iii) and (i)(b)(ii)); and (iii) Santander Holdings USA, Inc. ("SHUSA") and the other selling stockholders identified in the Offering Documents and their immediate family members (as defined in 17 C.F.R. § 229.404 (Instructions (1)(a)(iii) and (i)(b)(ii)).  For the avoidance of doubt, this exclusion does not extend to any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit

plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or its affiliates' ownership or interest); provided, however, that membership in the Classes by such entity is limited to transactions in SCUSA common stock made on behalf of, or for the benefit of, Persons other than Persons that are specifically excluded from the Classes by definition. Also excluded from the Classes are the persons and entities who or which are excluded from the Classes pursuant to request, of which they are none.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Plaintiffs as Class Representatives for the Classes and appoints Lead Counsel as Class Counsel for the Classes. Plaintiffs and Lead Counsel have fairly and adequately represented the Classes both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties and to the Classes, and that the Settlement Agreement

3

and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

9. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Plaintiffs' Claims of the Classes with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Settlement Agreement and herein.

10. Upon the Effective Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective present and former executors, administrators, successors, predecessors, parent entities, subsidiaries, divisions, related entities, affiliates, partners, limited partners, general partners, members, owners, investors, principals, employees, officers, directors, executive directors, managing directors, advisors of any kind, attorneys, agents, servants, subrogees, indemnitors, insurers, heirs, personal or legal representatives, trusts, family members, and assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom), in such capacity only, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, released, relinquished, waived, and discharged against the Released Parties (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Plaintiffs' Claims (including,

without limitation, Unknown Claims), and shall be permanently barred and enjoined from the institution, maintenance, prosecution, commencement, intervention in or participation in, continuation, or enforcement against any Released Party, in any state, federal or local court of law or equity, or arbitral forum, administrative forum, court of any foreign jurisdiction, or other forum of any kind or character (whether brought directly, in a representative capacity, or in any other capacity) of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).

11. Upon the Effective Date, each of the Released Parties, on behalf of themselves and their respective executors, administrators, successors, predecessors, and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute, or maintain on behalf of any Defendant any of the Released Defendants' Claims (or to obtain the proceeds of any recovery therefrom), in such capacity only, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against Lead Plaintiffs, all Class Members and each of their past or present subsidiaries, past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, and Lead Plaintiffs' and Class Members' immediate family members ("Released Plaintiffs' Parties") any and all Released Defendants' Claims (including, without limitation, Unknown

5

Claims), and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Plaintiffs' Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Defendants' Claims (including, without limitation, Unknown Claims).

12. The Notice of Pendency and Proposed Settlement of Class Action given to the Classes in accordance with the Notice Order entered on August 13, 2020 was the best notice practicable to all Persons entitled to such notice, of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement. Said notice includes the individual notice to all members of the Classes who could be identified through reasonable effort, and otherwise fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. Defendants' dissemination of notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), as reflected in Defendants' notice filed with the Court on January 5, 2021 (Doc. No. 257): (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise the appropriate Federal official and State officials (as defined in 28 U.S.C. § 1715) of all matters required by CAFA; (c) constituted due, adequate, and sufficient notice to the appropriate Federal official and State officials; and (d) satisfied the requirements of CAFA.

13. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining

applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

16.  The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.  In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18.  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

**SO ORDERED.**

**Signed on January 12th, 2021.**

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE